## Barber v. Commonwealth.

(Decided November 26, 1918.)

### Appeal from Rowan Circuit Court.

Intoxicating Liquors—Carrying Liquor Into Local Option Territory—Evidence—Sufficiency.—Where on a trial for the offense of bringing intoxicating liquors into local option territory, the agreed statement of facts merely showed that the defendant accepted and transported two passengers from the city of Morehead in Rowan county, where the local option law was in force, to the city of Lexington, in Fayette county, where the local option law was not in force, "knowing at the time that each of said parties were going for the purpose of purchasing spirituous, vinous and malt liquors as set out in the indictment, and that they were each to return in the automobile such liquors as they bought in Lexington, Ky., to Morehead, in Rowan county, Ky.," the facts were insufficient to sustain the conviction, since it did not appear that the defendant ever carried the whiskey into Rowan county, prior to the finding of the indictment.

CLAY & HOGGE for appellant.

CHARLES H. MORRIS, Attorney General, and W. C. HAMILTON for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Thomas Barber was indicted by the grand jury of Rowan county for the offense of transporting and delivering intoxicating liquor into local option territory. Upon submission of the law and facts to the court, Barber was found guilty and his punishment fixed at a fine of $60.00 and twenty days in jail. He appeals.

The indictment is based on section 1, c. 6, p. 16, Acts 1918, now subsection 1, section 2569a, Kentucky Statutes, which is as follows:

"That it shall be unlawful for any person or persons, individual or corporation, public or private carrier, to bring into, transfer to other person, or persons, corporation, carrier or agent, deliver or distribute, in any county, district, precinct, town or city, where the sale of intoxicating liquors has been prohibited, or may be prohibited, whether by special act of the general assembly or by vote of the people under the local option law, any spirituous, vinous, malt or other intoxicating liquor, regardless of the name by which it may be called; and this act shall apply to all packages of such intoxicating liquors, whether broken or unbroken. Each package of such intoxicating liquor so brought, transferred or delivered in such territory shall constitute a separate offense."

The agreed statement of facts is as follows:

"That said Thomas Barber was at the time, and for the purpose set out in the indictment operating for hire and compensation an automobile as a common carrier of passengers and freight between the city of Lexington, Fayette county, Ky., and Morehead, Ky., his headquarters being at Morehead, in Rowan county. That at the time as set out in the indictment he accepted and transported from the city of Morehead, in Rowan county, Ky., to the city of Lexington, in Fayette county, Ky., C. Tolliver and Lindsay Shelton, knowing at the time that each of said parties were going for the purpose of purchasing spirituous, vinous and malt liquors as set out in the indictment, and that they were each to return in the automobile such liquors as they bought in Lexington, Ky., to Morehead, in Rowan county, Ky. That the said Fayette county, and city of Lexington, was territory wherein such liquors could be and were lawfully sold and Rowan county, and city of Morehead, Ky., was territory wherein the local option law was in full force and effect at the time."

The only question we deem it necessary to decide is whether the agreed facts make out a case under the statute. According to the agreed statement of facts, the defendant merely transported the two passengers to Lexington, "knowing at the time that each of said parties were going for the purpose of purchasing spirituous, vinous and malt liquors, as set out in the indictment, and that they were each to return in the automobile

such liquors as they bought in Lexington, Ky., to Morehead, in Rowan county, Ky." In other words, it does not appear that the passengers ever returned in the automobile with the whiskey to Rowan county, or that defendant ever carried the whiskey into Rowan county, prior to the finding of the indictment. Indeed, for aught that appears in the agreed statement of facts, both the passengers and the whiskey may still be in Lexington. That being true, the facts were insufficient to show the guilt of the defendant, even if the statute applies to a case like this—a question which we deem it unnecessary to decide. Hence the defendant should have been acquitted.

Judgment reversed and cause remanded with directions to dismiss the indictment and discharge the defendant.